UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted November 14, 2005[*]
Decided November 15, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-2926

|  |  |
|---|---|
| | Appeal from the United States District |
| SONJA PERDUE, | Court for the Northern District of |
| *Plaintiff-Appellant*, | Illinois, Eastern Division |
| | |
| *v.* | No. 03 C 9372 |
| | |
| RBC MORTGAGE COMPANY, | Matthew F. Kennelly, |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

Sonja Perdue, an African American woman, appeals from the dismissal of her employment discrimination lawsuit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, against her former employer RBC Mortgage Company. The district court confirmed the arbitrator's dismissal order because Perdue failed to participate in arbitration proceedings required under her employment contract. Perdue now contends that her employment contract was invalid and that the district court improperly enforced its arbitration clause.  We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

In September 2002 Perdue was fired from her position as loan officer for failing to meet RBC's sales goals. Six days later she filed a charge with the EEOC, alleging that RBC discriminated against her and fired her because of her race. Although the EEOC promptly sent her a right-to-sue letter, she did not bring a suit on this claim until fifteen months later. Within days of Perdue's discharge in September 2002, RBC rehired her and had her sign an employment contract that contained an express arbitration clause.

Perdue alleges that after she was rehired, RBC moved her office into the mail room to punish her for filing the prior EEOC charge. She accordingly filed another EEOC charge alleging retaliation. Some time later, unsatisfied with her treatment at RBC, Perdue resigned. She then filed this complaint. RBC moved to dismiss the complaint and compel arbitration pursuant to the employment contract.

The district court granted the motion, determining that the arbitration clause in Perdue's employment contract required her to submit her retaliation claim to arbitration. The court stayed the proceedings pending resolution in arbitration. The district court also noted that Perdue could no longer challenge the discriminatory firing she alleged in her 2002 charge because she failed to sue upon it within 90 days of receiving her right-to-sue letter.

RBC initiated arbitration proceedings, but Perdue refused to participate. The arbitrator requested that Perdue provide a written explanation for failing to attend the arbitration proceedings. When Perdue did not reply, the arbitrator dismissed her claims for failure to prosecute. RBC then moved to confirm the arbitrator's dismissal order, and the district court granted the motion.

Perdue's principal contention on appeal is that the district court erred in compelling her to arbitrate. She mounts several arguments to challenge the court's conclusion that the contract containing the arbitration clause is valid and enforceable. First, she argues generally that agreements to arbitrate civil rights are unenforceable because they prevent plaintiffs from vindicating their Title VII rights. This exact proposition, however, has been repeatedly rejected. *See Circuit City Stores, Inc., v. Adams*, 532 U.S. 105, 119 (2001); *Oblix, Inc. v. Winiecki*, 374 F.3d 488, 491 (7th Cir. 2004); *McMullen v. Meijer, Inc.*, 355 F.3d 485, 489 (6th Cir. 2004).

Perdue next argues that the district court erred by not finding that she signed the agreement under duress. Perdue maintains she was under duress because she was the weaker party, and because RBC would have refused to rehire her if she did not sign the contract. The district court did not specifically address whether Perdue signed the contract under duress, but we have held that unequal bargaining power, or even a so-called "take-it-or-leave-it" deal does not invalidate

an arbitration agreement.  *See Metro East Ctr. for Conditioning & Health v. Qwest Commc'ns Intern., Inc.*, 294 F.3d 924, 926 (7th Cir. 2002); *Koveleskie v. SBC Capital Mkts., Inc.*, 167 F.3d 361, 367 (7th Cir. 1999).

Perdue also argues that she did not knowingly and voluntarily waive her right to proceed in a judicial forum, and alternatively that the contract was unconscionable.  But Perdue has waived these arguments.  She waived her unconscionability argument by failing to raise it until her reply brief.  *See Hess v. Reg-Ellen Mach. Tool Corp.*, 423 F.3d 653, 665 (7th Cir. 2005).  And she waived her knowing and voluntary argument by not addressing it in the district court proceedings.  *See King v. Ill. State Bd. of Elections*, 410 F.3d 404, 424 (7th Cir. 2005).  Although she now suggests that this latter argument is encompassed in the duress argument that she did present to the district court, the contractual defense of duress is a different issue than whether she knowingly and voluntarily waived her right to proceed in a judicial forum.  *See Hurd v. Wildman, Harrold, Allen & Dixon*, 707 N.E.2d 609, 615 (Ill. App. Ct. 1999).

Finally, Perdue contends without elaboration that the district court improperly barred her from proceeding with her initial claim of discriminatory discharge.  Perdue offers no basis to challenge the district court's conclusion that this claim was time-barred.  In her reply brief she asserts that the discrimination was part of a continuing violation, but, as we have noted, arguments raised for the first time in a reply brief are waived.  *See Hess*, 423 F.3d at 665*.*

AFFIRMED.